# IN THE OREGON TAX COURT

## ROELLI
*v.*
## DEPARTMENT OF REVENUE
(TC 2325)

Plaintiff appeared on his own behalf.

Jerry Bronner, Assistant Attorney General, Department of Justice, Salem, appeared on behalf of defendant.

Decision for defendant rendered July 1, 1986.

**CARL N. BYERS, Judge.**

The plaintiff appealed from the defendant's disallowance of certain deductions claimed on his 1980 and 1981 Oregon income tax returns. The plaintiff raised three issues in his complaint: (1) travel expenses, (2) home office expenses,

and (3) assessment of a minimum tax deficiency. At trial, the defendant conceded the minimum tax issue; therefore, two issues remain for the court's determination.

The plaintiff testified that he had certain funds in a Zurich, Switzerland, bank, earning approximately three percent interest. Plaintiff made an appointment by mail to meet with a bank employee in Zurich to discuss reinvesting plaintiff's account.

The plaintiff went to Israel on an expedition. He arranged for his wife to meet him when the expedition ended for an automobile journey from Yugoslavia to Zurich, Switzerland. It was anticipated the trip would take approximately a week, allowing them to reach Zurich shortly before the scheduled appointment with the bank official.

The plaintiff testified that there was a problem with the rental of a car in Yugoslavia; therefore, he and his wife flew to Zurich, arriving a week earlier than anticipated. The plaintiff did not attempt to change the appointment to an earlier date, explaining that their favorable air fare did not allow a change in schedule without considerable extra expense and their departure date was scheduled the day following the appointment with the bank representative.

The plaintiff stated that hotels in Zurich are more expensive than in surrounding areas. Upon arrival in Zurich, he rented a car and they drove south and east for the week because he liked "to keep moving."

The plaintiff contends that expenses for his air fare from Yugoslavia, the car rental, hotels, meals, and so forth, in the amount of $1,152.33 were deductible expenses and should have been allowed as claimed on his 1980 tax return instead of the $500 allowed by the defendant.

The defendant partially denied the expense deduction, claiming that the week in Switzerland was unnecessarily long in relation to the business done and that the transaction could have been accomplished easily by mail and telephone.

■ IRC § 212 allows a deduction for "all the ordinary and necessary expenses" for the production of income. If plaintiff is to prevail on this issue, the expenses incurred must be "ordinary and necessary" ones.

■ The court in *Welch v. Helvering,* 290 US 111, 54 S Ct 8, 78 L Ed 212 (1933), stated that an ordinary expense is one which is customary or usual. This does not mean customary or usual within the taxpayer's experience but rather in the experience of a particular trade, industry or community.

In *Dannemiller v. Commissioner,* 17 TCM (CCH) 547 (1958), Ohio taxpayers, who traded in commodities, deducted the cost of travel to Chicago and New York to consult with commodity experts. The court disallowed the travel expenses, finding that there was a local office of a national brokerage firm in the taxpayers' area equipped with wire and telephone service. Therefore, the taxpayer's claimed expenses were found to be not ordinary and necessary in the carrying on of their business.

IRC Reg. § 1.212-1(d) states that investment expenses, to be deductible, must be ordinary and necessary and reasonable in amount and must have a reasonable and proximate relation to the production of income.

■ Expenses must be reasonable in amount compared to objectives to be accomplished. *Harbor Medical Corp. v. Commissioner,* 38 TCM (CCH) 1144 (1979); *U.S. v. Haskel Engineering & Supply Co.,* 380 F2d 786 (9th Cir 1967), 67-2 USTC (CCH) ¶ 9534; *Commissioner v. Lincoln Electric Co.,* 176 F2d 815 (6th Cir 1949), 49-2 USTC (CCH) ¶ 9388, *cert denied* 338 US 949, 70 S Ct 488, 94 L Ed 586 (1950).

At the relevant time, the plaintiff's account in Zurich held approximately 17,000 Swiss francs. The plaintiff alleged that this was the equivalent of $10,800, while the defendant contended that the applicable rate of exchange at that time resulted in a conversion figure of $8,800. Even if the higher dollar value is used, would an expenditure of $1,152 be an ordinary, necessary and reasonable expense to incur in reinvesting the fund?

Under the particular facts of this case, the court is persuaded that it was neither necessary nor reasonable for the plaintiff to expend 11 percent (based on the plaintiff's conversion figure) or 13 percent (if defendant's conversion figure is accepted) for an action that could have been accomplished by telephone or mail. Therefore, the plaintiff's appeal regarding the issue of travel expenses is denied.

The second issue concerns the defendant's disallowance of certain home office expenses. The plaintiff claims that he devoted a portion of his residence as an office for his volunteer work for Environmental Research Projects, an IRC § 501(c)(3) corporation. He testified that the home office constituted 24.4 percent of the residence and that his claimed deduction was based upon applying this percentage to his annual expenses for water, sanitary service, heat, electricity, telephone, insurance and repairs. He contends that this portion of his home expenses should be deductible as out-of-pocket expenses paid in giving service to a charitable organization.

It is interesting to note that the plaintiff filed his claim for home office expenses for 1980 and 1981 on a Schedule C form designated "Profit or (Loss) from Business or Profession." (Defendant's Exhibits G and H.) The auditor's report for adjustments made to the plaintiff's income tax return for both 1980 and 1981 explains: "An office in home deduction may not be used to further reduce gross income below zero. Since you had no gross income, you are not entitled to an office in home deduction. IRC § 220(A); ORS 316.048." (Defendant's Exhibits C and D.)

IRC § 170(f)(3) prohibits a deduction in the case of contribution of partial interests in property. A contribution of a right to use property is treated as contribution of a partial interest. The court, in *Greenfield v. Commissioner*, 24 TCM (CCH) 1071 (1965), denied the taxpayer's claim for proration of home expenses based upon her claim that a portion of the apartment was used in Christian Science activities. The court ruled that no recognized contribution had been made by taxpayer.

The plaintiff offered no evidence that his expenses of insurance, repairs, water, sanitary service, heat or electricity would have been any less for his personal residence had he not done volunteer work for a charitable organization. There is no evidence that he experienced any out-of-pocket expenses regarding these services.

In the alternative, plaintiff claimed that certain long distance telephone bills should be considered out-of-pocket expenses allowed as charitable deductions because they were related to the plaintiff's voluntary services for Environmental

Research Projects. The plaintiff offered evidence of calls made for the benefit of this research corporation. (Plaintiff's Exhibit 1.) The defendant made no effort to rebut this evidence.

■    Amounts actually expended by taxpayers for telephone calls connected with the rendition of services to a recognized charitable organization have been allowed when well substantiated. *Lewis v. Commissioner,* 25 TCM (CCH) 1047 (1966); *Fixler v. Commissioner,* 37 TCM (CCH) 1753 (1978). The court accepts the plaintiff's allegation that he had deductible telephone expenses for 1980 in the amount of $31.94 and $42.97 in 1981.

The defendant will recalculate the plaintiff's tax liabilities for 1980 and 1981, consistent with this opinion, making the proper adjustments for the telephone expenses allowed and for the minimum tax issue conceded by the defendant.

No costs awarded.