DECISION
Plaintiffs appeal Defendant's denial of a claimed deduction for tools for tax year 2007. A trial was held in the Oregon Tax Mediation Center, Salem, Oregon on April 25, 2011. Plaintiffs appeared and testified on their own behalf[1] Peggy Ellis (Ellis) appeared and testified on behalf of Defendant.
Plaintiffs failed to provide a copy of their exhibit (an amended 2007 Federal income tax return) to Defendant, stating that "Defendant already had it." Ellis reviewed Plaintiffs' exhibit and objected, stating that the exhibit was not properly exchanged as required by the Tax Court-Magistrate Division Rule 10. Plaintiffs' exhibit was not received. Defendant's Exhibits A, B, C, and D were received without objection.
 I. STATEMENT OF FACTS
Barry Backen (Barry) testified that Plaintiffs filed a Form C, Profit or Loss From Business, claiming a deduction of $18,705 for purchased auto diagnostic and repair tools on Plaintiffs' 2007 Federal income tax return and Oregon state income tax return. Barry testified *Page 2 
that, in prior years, he did own and operate an automobile repair shop and, in 2007, he "erroneously filed a Schedule C." Barry testified that he also "entered in error" woodworking tools on Plaintiffs' Schedule C as a business expense.
Barry testified that he has been working as an automobile mechanic since he "was in high school" and has achieved 13 certifications, including an "ASE, master automotive technician" certification. Barry testified that, in early 2006, he began working "10 to 12 hours" for Miller's Auto Repair and was too "not interested in working" more hours for his own repair business. Barry testified that his employer provided a written statement, stating that Barry "provided his own tools." Ellis admitted that she did not contact Barry's employer. The referenced statement was not submitted to the court. Barry testified that, during 2007, he purchased a "large tool box," measuring 10 ½ feet by 7 ½ feet, that can only "be transported — empty — on a flat bed truck." Barry testified that he combined the tools from seven toolboxes into that one large toolbox. None of those tools claimed as a deduction were taken home or used for his personal use in 2007. Arvella testified that, in 2007, Barry did not "keep the tools he used at work at their home." She testified that Barry has been "purchasing tools to work on automobiles since 1962 or 1964." Arvella testified that, during 2007, he may have worked on the "vehicles of family and friends." She testified that after he "got the large toolbox" he "brought the toolboxes home to sell." Barry testified that he has sold three of the seven toolboxes.
Defendant disallowed Plaintiffs' claimed business deduction but allowed a Schedule A, Unreimbursed Employee Expenses, in the amount of $106 after the "2% Adjusted Gross Income Limitation." (Def's File Status Report at 1.) Ellis testified that in August 2009, she first contacted Barry to set a time to review and audit Plaintiffs' 2007 Oregon state income tax return. During a telephone conversation on August 13, 2009, Barry told Ellis that he was "reimbursed *Page 3 
by his employer at a higher wage because he supplied his own tools." (Def's Ex D-3.) Ellis testified that, on October 5, 2009, she went to Plaintiffs' home "and viewed his garage and a bus that he had in the back yard with various stools and equipment in it." (Def's Ex D-2.) Ellis testified that, at the time of the visit, Barry showed her tools and stated that those were the tools he had claimed as a 2007 business deduction. Barry disagreed, stating that he never told Ellis those were the same tools he claimed as a 2007 business deduction because all the tools purchased in 2007 were kept at his place of employment. Ellis testified that, because Barry prepared tax returns for others "from 1979 until 1993," she was not "dealing with a taxpayer with no knowledge of Schedule C or Schedule A." Barry testified that it has been "18 years since he professionally prepared tax returns." Ellis testified that Plaintiffs waited "four and one-half months after the audit to admit that Barry did not operate a business in 2007." Ellis concluded that Plaintiffs have provided "no substantiation other than own testimony" and that "testimony continually changed throughout the proceedings." She testified that, at the telephone case management conference held November 29, 2010, Barry stated that he kept his tools at his home.
Ellis testified that, throughout the audit, Barry stated that he was operating an auto repair business and was entitled to the claimed deduction. In response, Barry testified that, after the auditor's report was issued, he met with Defendant's representatives and "finally understood the state tax board." He testified that he agreed with the proposed adjustment that denied the claimed Schedule C business deduction, stating that he would file an amended return and claim the tools as unreimbursed business expense. Barry testified that he submitted a "spreadsheet listing of the tools claimed on the Schedule 2106" and Ellis reviewed all receipts. Plaintiffs did not submit the listing or receipts to the court. The parties agree that Plaintiffs never signed an *Page 4 
amended return for 2007 because Ellis stated that she "was not going to be accepting it but that if he [Barry] wanted me to put the denial through the official channels that I would have to have him sign it." (Def's Ex D-1.)
 II. ANALYSIS
"The Oregon legislature intended to make Oregon personal income tax law identical to the Internal Revenue Code (IRC) for purposes of determining Oregon taxable income, subject to adjustments and modifications specified in Oregon law. ORS 316.007."Ellison v. Dept. of Rev., TC-MD No 041142D, WL 2414746 at *6 (Sept 23, 2005). As a result, the legislature adopted, by reference, the federal deductions, including those allowed under section 162 of the Internal Revenue Code (IRC).[2]
IRC section 162(a) provides in relevant part that "[t]here shall be allowed as a deduction all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business * * * ." For a deduction to be allowed as a business expenses, it must be both "ordinary" and "necessary" to a taxpayer's trade or business. (Id.) "To be "necessary[,]' an expense must be "appropriate and helpful' to the taxpayer's business.* * * To be "ordinary[,]' the transaction which gives rise to the expense must be of a common or frequent occurrence in the type of business involved." Boyd v. Comm'r,83 TCM (CCH) 1253, 2002 WL 236685 at *2 (internal citations omitted). The Oregon Tax Court has stated that "* * * an ordinary expense is one which is customary or usual. This does not mean customary or usual within the taxpayer's experience but rather in the experience of a particular trade, industry or community." Roelli v. Dept. ofRev., 10 OTR 256, 258 (1986) (citing Welch v. Helvering,290 US 111, 54 S Ct 8, 78 L Ed 212 (1933)); Guinn v. Dept ofRev., TC-MD 040472D, WL 1089727 at *4 (Apr 19, 2005) (citingRoelli, 10 OTR at 258.) *Page 5 
It is a well settled principle that "[d]eductions are strictly a matter of legislative grace, and a taxpayer must meet the specific statutory requirements for any deduction claimed." Gapikia v.C.I.R., 81 TCM (CCH) 1488, WL 332038 at *2 (2001) (citations omitted). "Taxpayers are required to maintain records sufficient to substantiate their claimed deductions." Id. For example, IRC section 274 imposes "strict substantiation of expenses for travel, meals and entertainment, and gifts, and with respect to any listed property as defined in section 280F(d)(4)."
For an employee to deduct business-related expenses, there are two requirements: (1) the expenses must be nonreimbursable expenditures related to the employee's trade or business of rendering services to the employer; and (2) the expenses must be ordinary and necessary expenses of such trade or business. There is no dispute that, during the tax year at issue, Barry was an employee. He testified that he directly benefitted from his purchase of tools used to perform his assigned auto mechanic duties because he earned additional income. Plaintiffs did not submit a referenced statement from Barry's employer, stating that Barry provided his own tools.
The remaining issue is whether the expenses are ordinary and necessary. "In all proceedings before the judge or a magistrate of the tax court and upon appeal therefrom, a preponderance of the evidence shall suffice to sustain the burden of proof. The burden of proof shall fall upon the party seeking affirmative relief * * *." ORS 305.427. Plaintiff must establish his claim "by a preponderance of the evidence, or the more convincing or greater weight of evidence." Schaefer v. Dept. of Rev., TC No 4530 at 4 (July 12, 2001) (citing Feves v. Dept. ofRev., 4 OTR 302 (1971)). Plaintiffs relied on their testimony. Plaintiffs did not submit a listing, including description, date of purchase, and amount paid with evidence of payment, of the tools claimed as ordinary and necessary business expenses. Without a listing of the items purchased *Page 6 
and description of how the tools were used, the court cannot make a determination if the claimed expenses are ordinary and necessary expenses. Unfortunately, Plaintiffs failed to prove that they are entitled to the expenses they are claiming.
 III. CONCLUSION
After careful consideration of the testimony, the court concludes that Plaintiffs failed to carry their burden of proof. Plaintiffs failed to provide documentation to support their claim that Barry provided his own tools and that the tools he states were provided were ordinary and necessary expenses for his type of work. Now, therefore,
IT IS THE DECISION OF THIS COURT that Plaintiffs' appeal is denied.
Dated this ___ day of June 2011.
If you want to appeal this Decision, file a Complaint in theRegular Division of the Oregon Tax Court, by mailing to:1163 State Street, Salem, OR 97301-2563; or by hand delivery to:Fourth Floor, 1241 State Street, Salem, OR.
 Your Complaint must be submitted within 60 days after the dateof the Decision or this Decision becomes final and cannot bechanged.
 This document was signed by Presiding Magistrate Jill A.Tanner on June 6, 2011. The Court filed and entered this documenton June 6, 2011.
[1] When referring to a party in a written decision, it is customary for the court to use the last name. However, in this case, the court's Decision recites facts and references to two individuals with the same last name, Backen. To avoid confusion, the court will use the first name of the individual being referenced.
[2] All references to the IRC and accompanying regulations are to the 1986 code, and include updates applicable to 2007. *Page 1