IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Income Tax

MARK W. SIMMONS )
and JONI L. SIMMONS, )
)
Plaintiffs, ) TC-MD 110834D
)
v. )
)
DEPARTMENT OF REVENUE, )
State of Oregon, )
)
Defendant. ) **DECISION**

Plaintiffs appeal Defendant's denial of a claimed business expense for the construction of

a meteorlogical (MET) tower in tax year 2007. The parties submitted stipulated facts and cross-

motions for summary judgment.

## I. STATEMENT OF FACTS

The parties stipulate that Plaintiffs deducted $16,218 for "the purchase and erection of a

MET tower." (Stip Facts at 1.) "A MET tower is a piece of technological equipment that along

with associated peripherals is used to collect and store wind speed, temperature and direction

data wherever it is installed." (*Id*.) After review and discussion, Defendant disallowed

Plaintiffs' claimed deduction. (*Id*.)

Plaintiffs stated that "[d]eveloping a wind farm under the auspices of Tap Root LLC," a

"business Plaintiffs own and operate in Union County in northeast Oregon," is "a legal option

for Plaintiffs." (Ptfs' Mot for Summ J at 1, 3.) Plaintiffs stated that "[t]he purchase of the tower

was an attempt to diversify that existing business." (*Id*. at 1.) Plaintiffs stated:

> "Today hundreds of millions of dollars are being invested in wind farms in
> Northeast Oregon. Plaintiff's property is a large tract of land with a ridge that
> runs perpendicular to the direction of the prevailing wind. With adequate wind
> resources it is a natural candidate of commercial wind development."

(*Id*. at 2.)  Plaintiffs concluded that "[Defendant] has no authority to predetermine for us how we will handle our business." (*Id*. at 3.)  In a letter to Defendant's representative, Bruce Hale, dated November 15, 2010, Plaintiffs wrote that "the fact is that had we been able to prove adequate wind resources on our site, we would now be pursuing development of the site through the auspices of Tap Root LLC." (*Id.*, Attach B.)

In Defendant's Cross Motion, Defendant concluded that Plaintiffs "are attempting to deduct their expenditures as Expenses for the Production of Income per Internal Revenue code section 212." (Def's Cross Mot for Summ J at 1.)  Defendant stated:

> "To deduct expenses for the production of income there is a requirement that income is being produced.  No income is being produced or expected to be produced as a wind energy business since the research didn't bear out for the establishment of a viable wind turbine project."

> "[Defendant] believes these expenditures could be classified as start-up costs per Internal Revenue Code section 195.  They could be deducted as such if a wind turbine business is established based on the research in the year in which the active wind energy trade or business begins."

> "The Plaintiff was advised that start-up expenses, when an individual is trying to establish themselves in business, fall into two categories:

> "1. The costs incurred before making a decision to acquire or begin a specific business are personal and nondeductible.  These include any costs incurred during a general search for, or preliminary investigation of, a business or investment possibility.

> "2. The costs incurred in an attempt to acquire or begin a specific business are capital expenses and can be deducted as a capital loss."

(*Id*. at 1-2.)

## II.  ANALYSIS

The parties filed cross-motions for summary judgment.  Summary judgment is appropriate when "the pleadings, depositions, affidavits, declarations, and admissions on file show that there is no genuine issue as to any material fact and that the moving party is entitled to

prevail as a matter of law." Tax Court Rule (TCR) 47 C. The parties have stipulated to all of the facts relevant to the disposition of this case. The court reviews the pleadings to determine who is "entitled to prevail as a matter of law." (*Id.*)

The parties agree that the only remaining issue before the court is Plaintiffs' right to claim a current deduction for the installation of a MET tower. In analyzing the law governing an allowable deduction, the court is guided by the legislature's expressed intent to "[m]ake the Oregon personal income tax law identical in effect to the provisions of the federal Internal Revenue Code relating to the measurement of taxable income of individuals * * *." ORS 316.007.[1] In claiming their deduction and alleging their entitlement to the deduction in their Motion for Summary Judgment, Plaintiffs did not cite an applicable Internal Revenue Code (IRC) but allege that the claimed expense should be an allowable business expense.

IRC section 162(a) provides, in relevant part, that "there shall be allowed as a deduction all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business * * *." For a deduction to be allowed as a business expense, it must be both "ordinary" and "necessary" to a taxpayer's trade or business. (*Id*.) "To be 'necessary[,]' an expense must be 'appropriate and helpful' to the taxpayer's business.* * * To be 'ordinary[,]' the transaction which gives rise to the expense must be of a common or frequent occurrence in the type of business involved." *Boyd v. Comm'r*, 83 TCM (CCH) 1253, 2002 WL 236685 at *2 (internal citations omitted). The Oregon Tax Court has stated that "an ordinary expense is one which is customary or usual. This does not mean customary or usual within the taxpayer's experience but rather in the experience of a particular trade, industry or community." *Roelli v. Dept. of Rev*., 10 OTR 256, 258 (1986) (citing *Welch v. Helvering*, 290 US 111, 54 S Ct 8, 78 L Ed 212 (1933)); *Guinn v. Dept of Rev*., TC-MD 040472D, 2005 WL 1089727 at 4 (Apr 19, 2005) (citing *Roelli*, 10 OTR at 258.)

---

[1] References to the Oregon Revised Statutes (ORS) are to the 2007 year.

It is a well settled principle that "[d]eductions are strictly a matter of legislative grace, and a taxpayer must meet the specific statutory requirements for any deduction claimed." *Gapikia v. Comm'r*, 81 TCM (CCH) 1488, WL 332038 at *2 (2001) (citations omitted). "Taxpayers are required to maintain records sufficient to substantiate their claimed deductions." *Id*. (Citations omitted). For example, IRC section 274 imposes "strict substantiation of expenses for travel, meals and entertainment, and gifts, and with respect to any listed property as defined in section 280F(d)(4)."

The issue is whether the expenses are ordinary and necessary. "In all proceedings before the judge or a magistrate of the tax court and upon appeal therefrom, a preponderance of the evidence shall suffice to sustain the burden of proof. The burden of proof shall fall upon the party seeking affirmative relief * * *." ORS 305.427. Plaintiff must establish his claim "by a preponderance of the evidence, or the more convincing or greater weight of evidence." *Schaefer v. Dept. of Rev*., TC No 4530, WL 914208 at *2 (July 12, 2001) (citing *Feves v. Dept. of Rev*., 4 OTR 302 (1971)).

Plaintiffs stated that "[d]eveloping a wind farm under the auspices of Tap Root LLC," a "business Plaintiffs own and operate in Union County in Northeast Oregon[,]" is "a legal option for Plaintiffs." (Ptfs' Mot for Summ J at 1, 3.) Plaintiffs did not provide any information about the business activities of Tap Root LLC. Based on Plaintiffs' pleadings, Plaintiffs were not in a trade or business related to a wind farm but incurred the reported costs "to prove adequate wind resources on" their "site." (Ptfs' Mot for Summ J, Attach B.) Plaintiffs stated that because they were not able "to prove adequate wind resources," their "efforts to diversity" their "business" were not pursued. (*Id*.) Plaintiffs' incurred costs were not for a "trade or business," but rather to explore or investigate a new trade or business or possibly to diversify their existing trade or

business, whatever that trade or business may be. Based on the evidence, Plaintiffs' costs were not ordinary and necessary and are not an allowable deduction.

Defendant suggested that Plaintiffs' costs "could be classified as start-up costs per Internal Revenue Code section 195." (Def's Cross Mot at 1.) IRC section 195 states:

> "Except as otherwise provided in its section, no deduction shall be allowed for start-up expenditures."

IRC section 195(c)(1)(A) defines start-up expenditures as any amount "paid or incurred in connection with * * * investigating the creation or acquisition of an active trade or business, or * * * creating an active trade or business." Plaintiffs state that they incurred the costs "to prove adequate wind resources." (Ptfs' Mot for Summ J, Attach B.) Plaintiffs were "investigating the creation * * * of an active trade or business" and would have pursued their "efforts to diversify" if their investigation had proven successful. (*Id*.; IRC § 195(c)(1)(A)(i).) Based on the evidence, Plaintiffs costs fall within the statutory definition of start-up expenditures.

IRC section 195 specifies an "active trade or business" requirement. Plaintiffs would be allowed a deduction or amortization of qualifying start-up expenditures only if their efforts resulted in the commencement of an active trade or business directly related to the expenditures. IRC § 195(a), (b); *see also* S Rep No 1036, 1980-2 CB 723 (stating that "no deduction is allowed * * * with respect to items incurred incident to a trade or business which actually is not commenced or acquired by the taxpayer[]"). Plaintiffs state that the costs they incurred did not result in the commencement of an active trade or business. There is no authority under IRC section 195 for Plaintiffs to deduct those costs as qualifying start-up expenditures. IRC § 195(b)(1)(A), (B).

/ / /

/ / /

Defendant concluded that the "costs incurred in an attempt to acquire or begin a specific business are capital expenses and can be deducted as a capital loss." (Def's Cross Mot at 2.) Defendant does not cite the applicable Internal Revenue Code to support its conclusion.

IRC section 165(a) allows a current deduction from income for "any loss sustained during the taxable year and not compensated for by insurance or otherwise." For individual taxpayers, a loss under IRC section 165 is limited to (1) losses incurred in a trade or business or (2) losses incurred in any transaction entered into for profit, e.g., investment property. IRC § 165(c). An allowable IRC § 165(a) loss deduction "must be evidenced by closed and completed transactions, fixed by identifiable events, and * * * actually sustained during the taxable year." Treas Reg § 1.165-1(b) (as amended in 1977). The Ninth Circuit Court of Appeals, in *Honodel v. Commissioner*, 722 F2d 1462, 1468 (1984), concluded that a necessary requirement is that an individual taxpayer "seeking the deduction have entered into a *transaction*. Section 165(c)(2) deductions are normally not granted for expenses incurred in merely investigating possible transactions which are then not further pursued." (Emphasis in original) (citations omitted). *See also* Rev Rul 77-254, 1977-02 CB 63 (stating that investigatory expense are not allowed under IRC section 165 because the individual has not yet entered into a transaction for profit, nor engaged in an active business).

In one case applying IRC section 195, a taxpayer who reportedly never commenced an active business was not allowed to deduct start-up expenditures as a loss under IRC section 165. *In re De Lisser,* No 387-36178-SAF-13, WL 105824 (Bkrtcy ND Tx May 11, 1990). That court, like Defendant, concluded that the taxpayer was entitled to claim the expenditures as a capital loss. The court has insufficient information to determine whether Plaintiffs can claim a capital loss for tax year 2007.

III.  CONCLUSION

After careful review of the pleadings and applicable law, the court concludes that

Plaintiffs are not entitled to an ordinary and necessary business deduction for costs incurred to investigate a new trade or business. Plaintiffs are not entitled to deduct start-up costs that do not result in the actual commencement of an active trade or business to which the expenditures directly relate. Now, therefore,

IT IS THE DECISION OF THIS COURT that Plaintiffs' appeal is denied.

Dated this ___ day of January 2012.

_____
JILL A. TANNER
PRESIDING MAGISTRATE

*If you want to appeal this Decision, file a Complaint in the Regular Division of the Oregon Tax Court, by mailing to: 1163 State Street, Salem, OR 97301-2563; or by hand delivery to: Fourth Floor, 1241 State Street, Salem, OR.*

*Your Complaint must be submitted within 60 days after the date of the Decision or this Decision becomes final and cannot be changed.*

*This Decision was signed by Presiding Magistrate Jill A. Tanner on January 31, 2012. The Court filed and entered this Decision on January 31, 2012.*