IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Income Tax

RONALD A. RICHARDS,                     )
                                        )
            Plaintiff,                   )    TC-MD 111239D
                                        )
      v.                                )
                                        )
DEPARTMENT OF REVENUE,                  )
State of Oregon,                        )
                                        )
            Defendant.                  )    **DECISION**

Plaintiff appeals Defendant's Notices of Deficiency Assessment for tax years 2006, 2007, 2008, and 2009. Prior to trial, Plaintiff withdrew his appeal of tax year 2006. In its Order, filed March 29, 2012, the court granted Defendant's Motion to Dismiss Plaintiff's appeal of tax year 2007.

A trial was held in the Oregon Tax Courtroom, Salem, Oregon, on April 25, 2012. Kathleen Franklin (Franklin), Enrolled Agent, appeared on behalf of Plaintiff. Plaintiff and Jim Fryback (Fryback), Assistant Coach, Lane County Community College, testified. Annemarie Reed (Reed), Income Tax Auditor, appeared on behalf of Defendant.

Defendant's Exhibits A through M were admitted without objection.

During the trial, Franklin stated that she submitted documentation with Plaintiff's Complaint in support of Plaintiff's claimed business expenses. Reed stated that she did not receive any documentation except mileage information to substantiate Plaintiff's claimed expenses. Franklin submitted approximately 59 pages with Plaintiff's Complaint. Receipts, mileage logs, credit card statements, or similar documents were not among the 59 pages submitted with Plaintiff's Complaint. Plaintiff submitted no evidence at trial other than testimony.

## I. STATEMENT OF FACTS

Plaintiff testified that "since 2004" he has been a "recruiting coordinator" and that he was hired by Lane Community College because of his "reputation as a good recruiter" with "west coast and northwest contacts." Plaintiff testified that he incurred substantial "unreimbursed expenses," recruiting and "finding [basketball] players." He testified that he submitted the same "mileage log" and other information, including letters from "head coaches, athletic directors and HR" to the Internal Revenue Service and those "logs" and letters were "accepted."

Reed testified that she conducted an "independent audit" of Plaintiff's claimed business expenses. Reed testified that she concluded Plaintiff had a "passion" for coaching but that coaching was not a "for profit activity," but a "hobby." Reed testified that she determined "Internal Revenue Code Section 183" was applicable because Plaintiff has "engaged in the coaching activity since 2003" but has not made a "profit" in "three of five" years. Reed testified that she allowed Plaintiff to deduct his claimed coaching expenses to the "extent of the $1,000 taxable income," the amount of the "stipend" paid by Lane Community College to Plaintiff. In response to Reed's characterization of Plaintiff's activities as a hobby, Fryback, who is currently a consultant/coach at Lane Community College, testified that Plaintiff's position as a recruiting coordinator is a "job, not a hobby."

Reed testified that if Plaintiff was allowed to claim "unreimbursed employee business expenses" he failed to submit any "substantiation" for any of the claimed travel, other business, meals and coaching expenses. She testified that Plaintiff's "mileage log" did not meet the requirements of "Internal Revenue Code 274" because the log did not include "dates, time, personal use" and "the starting point was unknown." (*See* Def's Exs L at 11-20, G at 13-22.) Reed testified that she discussed with Plaintiff's prior representative a request that Plaintiff be

allowed to claim a "charitable deduction" for the claimed expenses, but denied that request because "there was no adequate accounting of the actual expenses."

## II. ANALYSIS

"The Oregon Legislature intended to make Oregon personal income tax law identical to the Internal Revenue Code (IRC) for purposes of determining Oregon taxable income, subject to adjustments and modifications specified in Oregon law." *Ellison v. Dept. of Rev.*, TC-MD No 041142D, WL 2414746 at *6 (Sept 23, 2005) (citing ORS 316.007). As a result, the legislature adopted, by reference, the federal deductions, including those allowed under the Internal Revenue Code (IRC).[1] ORS 316.007(2).

It is a well settled principle that "[d]eductions are strictly a matter of legislative grace, and a taxpayer must satisfy the specific requirements for any deduction claimed." *Gapikia v. Comm'r*, 81 TCM (CCH) 1488, WL 332038 at *2 (2001) (citations omitted). "Taxpayers are required to maintain records sufficient to substantiate their claimed deductions." *Id*. For example, IRC section 274 imposes strict substantiation of expenses for travel, meals and entertainment, and gifts, and "with respect to any listed property (as defined in section 280F (d)(4))." IRC § 274(d).

During the audit examination stage, taxpayers must stand ready to produce "any books, papers, records or memoranda bearing upon [any] matter required to be included in the return[.]" ORS 314.425(1).[2] When, as in this case, the dispute moves to the Tax Court, the party seeking affirmative relief bears the burden of proof and must establish his or her case by a "preponderance" of the evidence. ORS 305.427. The burden in this case falls, at least initially,

---

[1] All references to the IRC and accompanying regulations are to the 1986 code, and include updates applicable to 2008 and 2009.

[2] Unless otherwise noted, references to the Oregon Revised Statutes (ORS) are to the 2007 year.

on the Plaintiff, as he is the party seeking affirmative relief. This court has previously ruled that "[p]reponderance of the evidence means the greater weight of evidence, the more convincing evidence." *Feves v. Dept. of Rev.*, 4 OTR 302, 312 (1971). Evidence that is inconclusive or unpersuasive is insufficient to sustain the burden of proof. *Reed v. Dept. of Rev.*, 310 Or 260, 265, 798 P2d 235 (1990). Finally, in an income tax appeal, this court has the statutory authority to determine the correct amount of the deficiency (*e.g.*, tax), "even if the amount so determined is greater or less than the amount of the assessment determined by the Department of Revenue[.]" ORS 305.575.

IRC section 162(a) provides in relevant part that "[t]here shall be allowed as a deduction all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business[.]" Such expenses include expenses for the business use of a car or truck (i.e., mileage incurred for work purposes). IRC § 162(a)(2). For a deduction to be allowed as a business expense, it must be both "ordinary" and "necessary" to a taxpayer's trade or business. IRC § 162(a).

"To be 'necessary[,]' an expense must be 'appropriate and helpful' to the taxpayer's business. * * * To be 'ordinary[,]' the transaction which gives rise to the expense must be of a common or frequent occurrence in the type of business involved." *Boyd v. Comm'r*, 83 TCM (CCH) 1253, 2002 WL 236685 at *2 (US Tax Ct 2002) (internal citations omitted). The Oregon Tax Court has stated that "* * * an ordinary expense is one which is customary or usual. This does not mean customary or usual within the taxpayer's experience but rather in the experience of a particular trade, industry or community." *Roelli v. Dept. of Rev.*, 10 OTR 256, 258 (1986) (citing *Welch v. Helvering*, 290 US 111, 54 S Ct 8, 78 L Ed 212 (1933)); *Guinn v. Dept. of Rev.*, TC-MD No 040472D, 2005 WL 1089727 at *4 (Apr 19, 2005) (citing *Roelli* at 258).

Under IRC section 274(d)(4), such expenses must be substantiated "by adequate records or by sufficient evidence corroborating the taxpayer's own statement * * *." Even if an expense is otherwise deductible, the deduction may be denied if the substantiation to support the expense is insufficient. Temp Treas Reg § 1.274-5T(a)(4) (as amended in 2003). Generally, the taxpayer is required to substantiate the expense amount, date and time, place, the business purpose, and the business relationship of the persons receiving gifts or entertainment. IRC § 274(d). For use of an automobile, the taxpayer must substantiate the following elements: (i) the amount of the business use (a ratio of business use to total use of the automobile for a period of time), (ii) the date and place of the use, and (iii) the business purpose of the use. Temp Treas Reg § 1.274-5T(b)(2). The adequate records requirement may be satisfied by documentary evidence in combination with trip sheets, logs, a diary, or other records prepared at or near the time of the use. Temp Treas Reg § 1.274-5T(c)(2). Although a contemporaneous log is not required, "corroborative evidence * * * must have a high degree of probative value to elevate such statement and evidence to the level of credibility [of a contemporaneous record]." Temp Treas Reg § 1.274-5T(c)(1) (as amended in 2003); *see Daiz v. Comm'r*, 84 TCM (CCH) 148, 2002 WL 1796832 at *6 (US Tax Ct 2002).

Plaintiff alleges that he is entitled to deduct various expenses as unreimbursed employee business expenses. In order to deduct unreimbursed employee business, a taxpayer must be an employee. Defendant submitted a letter from Cheryl Volker, HR Analyst, Lane Community College, dated December 13, 2010, stating that Plaintiff was "an assistant coach for men's basketball at Lane Community College" and "received an annual stipend * * *." (Def's Ex H at 1, M at 1.) Defendant submitted a copy of Plaintiff's 2008 and 2009 Oregon income tax returns. (Def's Exs D and I.) A W-2 Wage and Tax Statement issued by Lane Community College,

stating Plaintiff was an employee, was attached to Plaintiff's 2008 and 2009 income tax returns. (Def's Exs D at 7, I at 6.)

For tax year 2008, Plaintiff requests that the court allow unreimbursed business deductions in the amount of $10,172, as follows: "$5,124 in mileage expenses, $1,946 in travel expenses, $1,893 in other business expenses, $159 in meals expenses, and $1,050 of coaching expenses." (Def's Ex G at 10.) Defendant allowed Plaintiff to claim $1,000 "as a gross miscellaneous deduction," stating "[u]nder IRC 183 $1,000 of these expenses may be deductible (expenses allowable to amount of income claimed) as a gross miscellaneous deduction." (*Id*.) For tax year 2009, Plaintiff requests that the court allow unreimbursed business deductions in the amount of $18,796, as follows: $13,750 in mileage expenses, $732 for travel expenses, $3,941 for business expenses, $373 for meals and entertainment. (Def's Ex L at 10.) Like tax year 2008, Defendant allowed Plaintiff to claim $1,000 "as a gross miscellaneous deduction, stating "IRC § 183 * * * states that not for profit expenses are allowable to the extent of income claimed and are subject to the two-percent floor on miscellaneous itemized deductions."

For tax years 2008 and 2009, Plaintiff offered no testimony nor did he submit any documentation to substantiate the amount claimed for travel expenses, coaching expenses, business expense, or meals and entertainment. As previously stated, Plaintiff has the burden of proof. Plaintiff offered no proof to substantiate those claimed expenses. Plaintiff failed to carry his burden of proof and unsubstantiated expenses cannot be allowed.

For tax years 2008 and 2009, Plaintiff claimed mileage expense deductions. For tax year 2008, Plaintiff claimed 9,400 business miles. (Def's Ex G at 7.) For tax year 2009, Plaintiff claimed 25,000 business miles. (Def's Ex L at 6.) Plaintiff's testimony did not explain why Plaintiff's claimed business mileage almost tripled between 2008 and 2009. Defendant

submitted copies of Plaintiff's mileage log. (Def's Exs L at 11-20; G at 13-22.) Plaintiff's mileage log is identical for each tax year. (*Id.*) On some of the mileage log sheets, a month, day, location, and mileage are listed but no year is stated. (*See* Def's Exs G at 13-15, 17-18, 20-21, L at 11-13, 15-16, 18-19.) Information for 2007 is included. (Def's Exs G at 16, L at 14.) Unfortunately, this information is inadequate because the tax year is omitted or the year (2007) is not at issue. For each of the tax years before the court, there is no summary schedule with required information (e.g., date, business use, and total mileage) that totals to the business mileage claimed. As previously stated, Plaintiff has the burden of proof. Plaintiff's mileage log is incomplete. Plaintiff failed to carry his burden of proof and Plaintiff's claimed business mileage deduction is disallowed.

### III.  CONCLUSION

After careful review of the testimony and evidence, the court concludes that Plaintiff failed to carry his burden of proof. Now, therefore,

IT IS THE DECISION OF THIS COURT that Plaintiff's appeal for tax years 2008 and 2009 is denied.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

IT IS FURTHER DECIDED that Defendant's Motion to Dismiss Plaintiff's appeal of tax year 2007 is granted.

IT IS FURTHER DECIDED that Plaintiff withdrew his appeal of tax year 2006.

Dated this ____ day of July 2012.


_____
JILL A. TANNER
PRESIDING MAGISTRATE


*If you want to appeal this Decision, file a Complaint in the Regular Division of the Oregon Tax Court, by mailing to: 1163 State Street, Salem, OR 97301-2563; or by hand delivery to: Fourth Floor, 1241 State Street, Salem, OR.*

*Your Complaint must be submitted within 60 days after the date of the Decision or this Decision becomes final and cannot be changed.*


*This document was signed by Presiding Magistrate Jill A. Tanner on July 9, 2012. The Court filed and entered this document on July 9, 2012.*