IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Income Tax

DANIEL F. ERBLING ,                    )
                                       )
          Plaintiff,                   )    TC-MD 120078D
                                       )
     v.                                )
                                       )
DEPARTMENT OF REVENUE ,                )
                                       )
          Defendant.                   )    **DECISION**

Plaintiff appeals Defendant's denial of claimed business expenses for tax years 2007,

2008, and 2009.  A trial was held in the Oregon Tax Court Mediation Center, Salem, Oregon, on

July 10, 2012.  Plaintiff appeared and testified on his own behalf.  Willie Lam (Lam), Auditor,

appeared and testified on behalf of Defendant.

Plaintiff's Exhibits 1 through 7 and Defendant's Exhibits A through R were admitted

without objection.

## I.   STATEMENT OF FACTS

Plaintiff claimed business expenses including mileage expenses, legal fees, and home

office expenses for tax years 2007, 2008, and 2009.  Defendant audited Plaintiff's 2007,

2008, and 2009 tax returns in July 2010, and requested that Plaintiff substantiate those

reported deductions.  (Def's Ex A at 1.)  Defendant concluded that Plaintiff did not adequately

substantiate his claimed business expenses, stating that "[s]ince * * * I have not heard from you,

and I do not have any substantiation for your reported deductions, I have disallowed your

deductions claimed that are under audit."  (*Id.* at 4.)

Plaintiff's claimed business expenses relate to his employment at three companies during

the tax years at issue.  During tax year 2007, Plaintiff was employed by RR Donnelley's

DECISION   TC-MD 120078D                                                                    1

Premedia Technologies Group (RRD), a print media data company. (Def's Ex F at 2.) Plaintiff testified that RRD has an employee expense reimbursement policy. Plaintiff testified that RRD did not reimburse him for all of the mileage expenses he incurred in the 2007 tax year. Plaintiff testified that the reimbursed mileage expense amounts were recorded in his bank statements, and the mileage expense claimed on his 2007 tax return was not reimbursed. Plaintiff testified that he could not identify the reimbursed mileage expenses in his 2007 mileage log for 2007 tax year.

During tax year 2008 through April 2009, Plaintiff was employed as a sales representative by QuadGraphics. (QGB). (Def's Ex H at 1.) Plaintiff testified that QGB's regional office is located in Bellevue, Washington, and it does not have a Portland, Oregon, office. Plaintiff testified that his business territory was in Portland and he travelled to QGB's Bellevue office to meet with some clients and his supervisor. Plaintiff testified that it was "logical" that he live in Portland and travel to Bellevue. Plaintiff did not provide evidence that QGB required him to live in Portland. Lam testified that QGB's Bellevue office was Plaintiff's tax home. Plaintiff did not provide evidence or testimony addressing the tax home issue. Plaintiff testified that QGB does not have an employee expense reimbursement policy.

In March 2009, Plaintiff started his own telecommunication hardware and software sales company. (Def's Ex F at 2.) Plaintiff's company was connected with American Telecommunication Company (ACN). (*Id.*) Plaintiff continued to be self-employed until July 2009. (*Id.*)

From July to December 2009, Plaintiff was employed as a sales executive by InnerWorkings, Inc. (IW). Plaintiff testified that IW does not have an office in Portland, Oregon. Plaintiff testified that IW has a reimbursement policy for employees' cell phone expenses; however, IW does not reimburse its employees for mileage expenses.

DECISION   TC-MD 120078D                                                         2

Plaintiff and Defendant disagree about the amount of unreimbursed employee mileage expenses Plaintiff can claim on his 2007, 2008, and 2009 tax returns.[1] Plaintiff provided mileage logs and website printouts to substantiate his claimed expenses. (Ptf's Exs 1 - 5.) Plaintiff testified that he maintained mileage logs for the 2007, 2008, and 2009 tax years, stating the location, business purpose, and mileage travelled for each business trip.[2] (Ptf's Exs 1 - 3; Def's Exs J - L.) Plaintiff testified that, although he did not include a specific date next to each entry, each "line item" represented a day in the specified month and year. When Lam questioned Plaintiff regarding the business purpose of "March 07, Line Item 1," Plaintiff was unable to identify the business purpose for that trip. Plaintiff testified that he included most business purposes in his mileage log and the "March 07, Line Item 1" entry was an "anomaly." Plaintiff testified that his mileage logs do not state the beginning and ending destinations for each individual "line item." Plaintiff's 2008 and 2009 mileage logs include mileage travelled between Plaintiff's home in Portland and QGB's office in Bellevue. (Ptf's Exs 2, 3; Def's Exs K, L.) Plaintiff's 2009 mileage log includes mileage while Plaintiff was self-employed and working in connection with ACN. (Ptf's Ex 3; Def's Ex L.)

Plaintiff did not provide evidence stating the amount of legal fees paid to his attorney during the 2008 and 2009 tax years. Plaintiff testified that his attorney advised him not to provide copies of his legal bills to Defendant, because the bills contain "attorney-client privileged communications." (Ptf's Ex 5 at 1.) Plaintiff testified that the legal fees resulted from

---

[1] At trial, Plaintiff was unable to quantify his requested relief. Plaintiff spoke of his requested relief in the general terms of "travel expense" (mileage expense), "legal fees," and "home office expense."

[2] Plaintiff submitted copies of his original handwritten mileage logs for tax years 2007, 2008, and 2009 to the court. (Ptf's Ex 1 - 3.) Plaintiff provided copies of the handwritten logs and typed copies of the logs to Defendant. (Def's Ex J - L.) The court notes that the weekly mileage recorded in Plaintiff's typed mileage logs does not consistently match the weekly mileage recorded in Plaintiff's handwritten logs. The court relies on Plaintiff's original handwritten mileage logs when quantifying Plaintiff's total mileage traveled.

a lawsuit with former employer RRD regarding unpaid salary and unreimbursed employee expenses. Plaintiff testified that after he won the lawsuit in 2009, RRD provided Plaintiff with a W-2 form. Plaintiff testified that the W-2 should have reported a "six-figure" compensation amount, but RRD sent a portion of the compensation directly to Plaintiff's attorney.

## II. ANALYSIS

As this court has previously noted, "[t]he Oregon Legislature intended to make Oregon personal income tax law identical to the Internal Revenue Code (IRC) for purposes of determining Oregon taxable income, subject to adjustments and modifications specified by Oregon law. ORS 316.007." *Ellison v. Dept. of Rev*., TC-MD No 041142D, WL 2414746 *6 (Sept 23, 2005). As a result, the legislature adopted, by reference, the federal definition for deductions, including those allowed under section 162 of the IRC[3] for trade and business expenses.

It is a well settled principle that "[d]eductions are strictly a matter of legislative grace, and a taxpayer must satisfy the specific requirements for any deduction claimed." *Gapikia v. Comm'r*, 81 TCM (CCH) 1488, WL 332038 at *2 (2001) (citations omitted). "Taxpayers are required to maintain records sufficient to substantiate their claimed deductions." *Id*. During the audit examination stage, taxpayers must stand ready to produce "any books, papers, records or memoranda bearing upon [any] matter required to be included in the return[.]" ORS 314.425(1).[4] When, as in this case, the dispute moves to the Tax Court, the party seeking affirmative relief bears the burden of proof and must establish his or her case by a "preponderance" of the evidence. ORS 305.427.

---

[3] All references to the IRC and accompanying regulations are to the 1986 code, and include updates applicable to 2007, 2008, and 2009.

[4] Unless otherwise noted, all references to the Oregon Revised Statutes (ORS) are to the 2007 version.

The burden falls on Plaintiff, as the party seeking affirmative relief. This court has previously ruled that "[p]reponderance of the evidence means the greater weight of evidence, the more convincing evidence." *Feves v. Dept. of Rev.*, 4 OTR 302, 312 (1971). Evidence that is inconclusive or unpersuasive is insufficient to sustain the burden of proof. *Reed v. Dept. of Rev.*, 310 Or 260, 265, 798 P2d 235 (1990). Finally, in an income tax appeal, this court has the statutory authority to determine the correct amount of the deficiency (*e.g.*, tax), "even if the amount so determined is greater or less than the amount of the assessment determined by the Department of Revenue[.]" ORS 305.575.

IRC section 162(a) provides in relevant part that "[t]here shall be allowed as a deduction all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business[.]" Such expenses include expenses for the business use of a car or truck (*i.e.* mileage expenses). IRC § 162(a)(2).

For a deduction to be allowed as a business expense, it must be both "ordinary" and "necessary" to a taxpayer's trade or business. IRC § 162(a). "To be 'necessary' an expense must be 'appropriate and helpful' to the taxpayer's business. * * * To be 'ordinary' the transaction which gives rise to the expense must be of a common or frequent occurrence in the type of business involved." *Boyd v. Comm'r*, 83 TCM (CCH) 1253, WL 236685 at *2 (2002) (internal citations omitted). The Oregon Tax Court has stated that "* * * an ordinary expense is one which is customary or usual. This does not mean customary or usual within the taxpayer's experience but rather in the experience of a particular trade, industry or community." *Roelli v. Dept. of Rev.*, 10 OTR 256, 258 (1986) (citing *Welch v. Helvering*, 290 US 111, 54 S Ct 8, 78 L Ed 212 (1933)); *Guinn v. Dept. of Rev.*, TC-MD No 040472D, WL 1089727 at *4 (Apr 19, 2005) (citing *Roelli* at 258).

/ / /

Under IRC section 274(d)(4), such expenses must be substantiated "by adequate records or by sufficient evidence corroborating the taxpayer's own statement * * *." Even if an expense is otherwise deductible, the deduction may be denied if the substantiation to support the expense is insufficient. Temp Treas Reg § 1.274-5T(a)(4) (as amended in 2003).

Plaintiff alleges that he can deduct mileage expenses, legal fees, and home office expenses as business expenses for the 2007, 2008, and 2009 tax years. Defendant disagrees, alleging that Plaintiff has not provided adequate substantiation for the previously stated expenses.

A.    *Mileage Expenses*

Plaintiff requests the court allow deductions for unreimbursed mileage expenses for tax years 2007, 2008, and 2009. For use of an automobile, the taxpayer must substantiate the following elements: (1) the amount of the business use (a ratio of business use to total use of the automobile for a period of time); (2) the date and place of the use; and (3) the business purpose of the use. Temp Treas Reg § 1.274-5T(b)(2). The adequate records requirement may be satisfied by documentary evidence in combination with trip sheets, logs, a diary, or other records prepared at or near the time of the use. Temp Treas Reg § 1.274-5T(c)(2). Although "[a] contemporaneous log is not required, * * * corroborative evidence * * * must have a high degree of probative value to elevate such statement and evidence to the level of credibility [of a contemporaneous record]." Temp Treas Reg § 1.274-5T(c)(1) (as amended in 2003); *see Daiz v. Comm'r*, 84 TCM (CCH) 148, WL 1796832 at *6 (2002).

The question is whether Plaintiff met his burden of proof regarding claimed mileage expenses for the years at issue. For tax years 2007, 2008, and 2009, Plaintiff submitted mileage logs to substantiate his claimed mileage expense deductions. Plaintiff's mileage logs contain

many inconsistencies and omissions that cause the court to question their credibility. Plaintiff organized his log entries according to month and year, but did not provide the specific day of each business trip. Not all entries in the mileage log include a business purpose as required by IRC section 274(d). Plaintiff did not include a summary schedule showing the total mileage travelled to match the mileage claimed in his tax return for each year at issue. Plaintiff provided Defendant with a typed version of his mileage log; however, the weekly mileage totals in the typed log do not consistently match the weekly mileage totals in the handwritten log. (Ptf's Exs 1 - 3; Def's Exs J - L.) Plaintiff did not provide testimony or other evidence explaining the inconsistencies and omissions.

Other evidence exists that indicates Plaintiff is not entitled to claim mileage expenses for the 2007 and 2008 tax years. During tax year 2007, Plaintiff was employed by RRD. RRD has an employee expense reimbursement policy. Plaintiff did not provide evidence showing which mileage expenses were not reimbursed by RRD; Plaintiff has failed to meet his burden of proof. The court cannot allow deduction for unreimbursed mileage expense for the 2007 tax year.

During tax year 2008, Plaintiff was employed by QGB's office in Bellevue, Washington. Plaintiff provided testimony that he often travelled from Portland to the Bellevue office. IRC section 162(a)(2) allows for the deduction of travel expenses incurred while away from home and in pursuit of trade. "In general, a taxpayer's home for the purposes of section 162(a)(2)— *i.e.*, the taxpayer's 'tax home'—is the taxpayer's principal place of business or employment." *Morey v. Dept. of Rev.,* 18 OTR 76, 81 (2004) (internal citations omitted). Lam testified that QGB's office in Bellevue was Plaintiff's tax home, or principal place of business or employment. Plaintiff did not offer evidence or testimony to the contrary. IRC section 262(a) states that "no deduction shall be allowed for personal, living, or family expenses." Supporting

regulation states that "[c]ommuters' fares are not considered business expenses and are not deductible." Treas. Reg. § 1.162-2(e). Travel between Plaintiff's residence and his tax home is considered commuting expense. *See Comm'r v. Flowers,* 326 U.S. 465, 473–74, 66 S Ct 250, 90 L Ed 203 (1946). Plaintiff did not provide evidence or testimony noting which entries in his 2008 mileage log recorded trips between Portland and QGB's Bellevue office. Because Plaintiff did not provide evidence that his claimed mileage expenses for 2008 were not commuting expenses, Plaintiff has failed to meet his burden of proof. Under IRC section 262(a), Plaintiff cannot deduct mileage expense for travel between his residence in Portland, Oregon, and his tax home in Bellevue, Washington.

The court allows Plaintiff deductions for mileage expenses for the 2009 tax year. Plaintiff is entitled to claim mileage expenses substantiated by entries in Plaintiff's 2009 mileage log that include a business purpose as required by IRC section 274(d) and relate to Plaintiff's employment at IW. Plaintiff may also claim, as travel expense on his Schedule C, mileage expenses supported by a business purpose that Plaintiff accumulated while self-employed. The court concludes that Plaintiff is allowed to claim $4,487 in mileage expense as unreimbursed employee expense[5] and $472 in mileage expense as travel expense on his Schedule C for tax year 2009.[6]

B.    *Legal Fees*

Plaintiff requests the court allow deductions for legal fees accumulated in tax years 2008 and 2009 for a business lawsuit against 2007 employer, RRD. When considering whether the deduction for legal fees is an allowable expense, the U.S. Supreme Court defined

---

[5] The court's mileage expense calculation of $4,487 is based on 8,159 miles travelled multiplied by the standard mileage rate of 55 cents per mile.

[6] The court's mileage expense calculation of $472 is based on 859 miles travelled multiplied by the standard mileage rate of 55 cents per mile.

the "pivotal" issue in the context of whether the litigation costs were a " 'business' rather than a 'personal' or 'family' expense." *United States v. Gilmore,* 372 U.S. 39, 46, 83 S Ct 623 (1963). As previously stated, Plaintiff has the burden of proof and must substantiate claimed deductions "by adequate records or by sufficient evidence corroborating the taxpayer's own statement[.]" IRC § 274(d)(4).

Plaintiff did not provide evidence to substantiate the amount of legal fees claimed or the nature of the legal fees. It is also unclear whether Plaintiff reported the compensation RRD sent to Plaintiff's attorney as income in Plaintiff's 2009 tax return. Even if the deduction was allowable, Plaintiff cannot claim a legal expense deduction if the amount paid to Plaintiff's attorney was not included in Plaintiff's income.

Plaintiff failed to meet his burden of proof. The court concludes that Defendant's denial of legal fees as an ordinary and necessary business expense is correct.

C.    *Home Office Expenses*

Plaintiff requests the court allow deductions for home office expenses for tax years 2008 and 2009. Under IRC section 280A, deductions of costs of a taxpayer's residence are generally prohibited. However, IRC section 280A(c)(1) permits a deduction for the allocable portion of a residence that is regularly and exclusively used as a taxpayer's principal place of business or as a place of business which is used by customers in the normal course of the taxpayer's trade or business. "An employee is entitled to a home office deduction only if such an office is required for the employer's convenience." *Kraus v. Comm'r*, 85 TCM (CCH) 750, WL 76111 at *7 (2003) (citing *Frankel v. Comm'r*, 82 TC 318, 325-326 (1984)).

/ / /

/ / /

Plaintiff did not provide evidence indicating that he used a portion of his home regularly and exclusively as a place of business. Plaintiff did not provide evidence that his employers required him to keep a home office for their convenience.

Plaintiff failed to meet his burden of proof. The court concludes that Defendant's denial of home office expense as an ordinary and necessary business expense is correct.

### III. CONCLUSION

After careful review of the testimony and evidence, the court concludes that Plaintiff has substantiated some of his claimed business expenses. Now, therefore,

IT IS DECIDED that Plaintiff's appeal of claimed mileage expenses for tax years 2007 and 2008 and claimed legal and home office expenses for tax years 2007, 2008, and 2009 is denied.

IT IS FURTHER DECIDED that Plaintiff is allowed to deduct mileage expense of $4,487 as unreimbursed employee expense for tax year 2009.

IT IS FURTHER DECIDED that Plaintiff is allowed to deduct mileage expense of $472 as travel expense on Plaintiff's Schedule C for tax year 2009.

Dated this ____ day of August 2012.

_____
JILL A. TANNER
PRESIDING MAGISTRATE

*If you want to appeal this Decision, file a Complaint in the Regular Division of the Oregon Tax Court, by mailing to: 1163 State Street, Salem, OR 97301-2563; or by hand delivery to: Fourth Floor, 1241 State Street, Salem, OR.*

*Your Complaint must be submitted within 60 days after the date of the Decision or this Decision becomes final and cannot be changed.*

*This document was signed by Presiding Magistrate Jill A. Tanner on August 8, 2012. The Court filed and entered this document on August 8, 2012.*